STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-6748
    savith.iyengar@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:19-cv-04281 KAW |
| Plaintiff, | **UNITED STATES' REQUEST TO ENTER DEFAULT OF BTC-e, a/k/a CANTON BUSINESS CORP.** |
| v. | |
| BTC-e, a/k/a CANTON BUSINESS CORP., | |
| and | |
| ALEXANDER VINNIK, | |
| Defendants. | |

TO: THE CLERK OF THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

    Plaintiff United States of America ("Plaintiff"), by and through its undersigned counsel, hereby requests that the Clerk of the Court enter default of BTC-e, a/k/a Canton Business Corp. ("BTC-e") pursuant to Fed. R. Civ. P. 55(a), on the ground that said defendant has failed to appear or otherwise respond to the complaint in a timely manner.

    This request is based on the attached Declaration of Savith Iyengar ("Iyengar Decl.") and other filings in this matter, which show:

    1.    Defendant BTC-e was served with English and French versions of the Summons and Plaintiff's Complaint on November 18, 2021, as well as English and French versions of the civil cover

sheet, Clerk's notice regarding assignment to this Court, standing orders for this Court, standing order for all judges of this District, ECF registration information, notice of this lawsuit and request to waive service of summons, waiver of the services of summons, and notice of assignment to a Magistrate Judge with election form, when copies of these documents were personally served on Defendant Alexander Vinnik, who was an owner and administrator of BTC-e and occupied a senior leadership position within BTC-e, controlling multiple BTC-e administrative accounts used to process BTC-e's transactions.  *See* ECF No. 1 ¶¶ 25-26; ECF Nos. 24, 29, 29-1, 29-2, 29-3.

2. As a foreign-located money services business conducting business within the United States, Defendant BTC-e was required to but did not appoint an agent within the United States to accept legal process in Bank Secrecy Act-related matters.  *See* ECF No. 1 ¶ 31 (citing 31 U.S.C. § 5330; 31 C.F.R. § 1022.380(a)(2)); *see also* ECF No. 1, Ex. 1 at 3–4.

3. The proofs of service filed with this Court on April 19, 2022 establish that service was proper pursuant to Fed. R. Civ. P. 4(h)(2) and the Hague Service Convention.  *See* ECF Nos. 29, 29-1, 29-2, 29-3.

4. To date, BTC-e has failed to answer or otherwise respond to the complaint.  Iyengar Decl. ¶ 4.

5. The applicable time limit for responding has expired.  Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* Iyengar Decl. ¶ 5.

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

Dated: July 18, 2022          By:    */s/ Savith Iyengar*
                                      SAVITH IYENGAR
                                      Assistant United States Attorney