PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748
savith.iyengar@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:19-cv-04281 KAW |
| Plaintiff, | **STATUS REPORT** |
| v. | |
| BTC-e, a/k/a CANTON BUSINESS CORP., and ALEXANDER VINNIK, | |
| Defendants. | |

Plaintiff United States of America ("United States") respectfully submits this status report pursuant to the Court's Status Report Order dated March 10, 2025, which ordered the United States to file a status report by March 26, 2025. ECF No. 44. The Court previously stayed this civil action against defendants Alexander Vinnik ("Vinnik") and BTC-e "pending the resolution of [ ] Vinnik's criminal proceeding, *United States v. Vinnik,* 16-cr-00227-SI," and ordered the United States to provide periodic status reports "regarding the status of the criminal proceeding until that matter is resolved." ECF No. 39 at 2.

In its last status report, dated October 10, 2024, the United States reported that Vinnik had entered into a written Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B) on May 3, 2024, pleading guilty to money laundering conspiracy in violation of 18 U.S.C.

§ 1956(h).  *See* ECF No. 43.  The district court accepted Vinnik's guilty plea and scheduled his sentencing for January 17, 2025.  *Id.*; *see also Vinnik*, No. 16-cr-00227-SI, ECF No. 126.

Following the last status report, in November 2024, Vinnik's sentencing was continued until June 27, 2025.  *Id.*, ECF Nos. 130, 131.  Thereafter, media reports indicate that in February 2025, Vinnik was part of a prisoner exchange.  On February 11, 2025, the United States dismissed the criminal case against Vinnik, *id.*, ECF No. 140, and Vinnik was released from the custody of the U.S. Marshals Service.  *Id.*, ECF No. 142.  Accordingly, Vinnik's criminal proceeding is now resolved, and this Court may lift its stay of this civil action.

As the United States previously reported, *see* ECF No. 38, once the Court lifts its stay of this civil action, the United States reserves the right to move for default judgment against Vinnik and BTC-e.  As background, the United States completed service abroad on BTC-e and Vinnik on November 18, 2021.  ECF No. 29; ECF Nos. 29-1–3 (proofs of service).  BTC-e and Vinnik failed to timely respond to the complaint within twenty-one (21) days of the date of service, i.e., by December 9, 2021, or at any time thereafter.  *See* ECF No. 31; Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* Dkt.  Accordingly, on July 18, 2022, the United States requested that the Clerk of Court enter default of BTC-e and Vinnik, ECF Nos. 32–33, and the Clerk entered default of BTC-e and Vinnik the following day.  ECF Nos. 34–35.

Thereafter, the Court ordered the United States to file either "a motion for default judgment or, in the alternative, a status report explaining when the Government expects to file such a motion and the reason for the delay."  ECF No. 36.  The United States submitted a status report explaining that on August 4, 2022, before the United States filed a motion for default judgment, Vinnik was extradited to the United States.  *See* ECF No. 38.  While it had already completed service, *see* ECF Nos. 29, 29-1–3, the United States re-served BTC-e and Vinnik on October 5, 2022 by personally serving Vinnik with all documents at the Santa Rita Jail in Dublin, California.  *See* ECF No. 38.  The following day, the United States emailed courtesy copies to Assistant Federal Public Defender David Rizk, who was representing Vinnik in the criminal proceeding.  ECF No. 38.  Mr. Rizk advised that he had sent a letter to the Court conveying that Vinnik had received the above-referenced documents and was requesting that this civil action be "delayed" until his criminal case was resolved.  *Id.*; *see also* ECF No. 37 (Mr. Rizk's letter to the Court).  On October 14, 2022, the United States notified the Court that it was amenable to a stay of

this civil action while active criminal proceedings against Vinnik were ongoing, but that it reserved the right to file the motion for default judgment against BTC-e and Vinnik if, following the lifting of the stay, they failed to respond to the complaint within twenty-one (21) days of the date of re-service (October 5, 2022), not including the period of time the action was stayed. *See* ECF No. 38.

Accordingly, and given that the Clerk's entry of default of BTC-e and Vinnik remains proper given their failure to timely respond to the complaint after being served abroad on November 18, 2021, ECF Nos. 34–35, the United States reserves its right to move for default judgment, pending internal approvals, against BTC-e and Vinnik if they again fail to respond to the United States' complaint within twenty-one (21) days of the date of re-service on October 5, 2022, not including the time the action was stayed — i.e., within nine (9) days of any Court order lifting the stay. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | PATRICK D. ROBBINS<br>Acting United States Attorney |
| Dated: March 26, 2025 | By:  */s/ Savith Iyengar*<br>SAVITH IYENGAR<br>Assistant United States Attorney |